IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                               ORDER

       v.                                          04-cr-194-bbc-01

SHELTON YOUNG, JR.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Shelton Young, Jr.'s supervised release was held on August 12, 2011, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney David J. Reinhard. Defendant was present in person and by counsel, Adam Walsh. Also present was Senior U. S. Probation Officer Michael D. Harper.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on May 17, 2005, following his conviction for distribution of five or more grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1)and(b)(1)(B). This offense is

a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 102 months, with a 60-month term of supervised release to follow.

Defendant began his term of supervised release on December 4, 2009. On January 22, 2011, he violated the mandatory condition prohibiting him from committing another federal, state or local crime; Standard Condition No. 7 prohibiting him from the excessive use of alcohol; and Special Condition No. 4 requiring him to abstain from the use of alcohol, when he received citations from Wisconsin State Patrol. The citations were for operating a motor vehicle while intoxicated (2d offense), operating a motor vehicle with a prohibited alcohol content (2d offense) and operating a motor vehicle while revoked. These offenses are misdemeanors in violation of Wis. Stat. §§ 346.63(1)(a), (1)(b), and 343.44(1)(b). Defendant violated Standard Condition No. 11, requiring him to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer, when he failed to report his contact with the Wisconsin State Patrol. On July 8, 2011, defendant pleaded guilty to operating a motor vehicle while intoxicated (2d offense). He was ordered to serve 15 days in jail with work release privileges, beginning no later than October 21, 2011, pay fines and assessments of $1,180 and install an ignition interlock device on his vehicle for 14 months. In addition, his license was revoked for 14 months. The remaining charges were read in to the record and dismissed.

On May 13, 2011, defendant again violated the mandatory condition prohibiting him from committing another federal, state or local crime and Standard Condition No. 1, prohibiting him from leaving the judicial district without permission, when he was issued citations from a Stockton, Illinois, police officer for operating a motor vehicle with a suspended license and not possessing valid registration. These are unspecified misdemeanors in violation of Illinois Statutes §§ 625.5-603 and 625.5-3-701.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is V. With a Grade C violation, defendant has an advisory guideline range of imprisonment of 7 to 13 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which the defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the low end of the guideline range. The intent of

this sentence is to hold the defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 17, 2005, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of seven months. A 36-month term of supervised release is to follow the term of imprisonment. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following special condition:

Special Condition No. 5: "Spend up to 120 days in a residential reentry center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer."

Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 12th day of August 2011.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge